IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 28, 2023

## STATE OF TENNESSEE v. STASEY TYROME GREGORY, JR.

**Appeal from the Circuit Court for Lincoln County**
**No. 22-CR-55    Forest A. Durard, Jr., Judge**

_____

### No. M2023-00166-CCA-R3-CD

_____

In 2022, the Defendant, Stasey Tyrome Gregory, Jr., pleaded guilty to six counts of methamphetamine related charges, and the trial court sentenced the Defendant to an effective sentence of fifteen years of incarceration. On appeal, the Defendant asserts that the trial court erred when it sentenced him. After review, we affirm the trial court's judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and KYLE A. HIXSON, JJ., joined.

William J. Harold, Assistant District Public Defender, Lewisburg, Tennessee, for the appellant, Stasey Tyrome Gregory, Jr.

Jonathan Skrmetti, Attorney General and Reporter; Katherine C. Redding, Senior Assistant Attorney General; Robert J. Carter, District Attorney General; and Amber L. Sandoval, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION
### I. Facts

This case arises from the Defendant's sale of methamphetamine to a confidential informant ("CI") on three separate occasions and his possession of marijuana and methamphetamine during a traffic stop. For these offenses the Defendant was indicted for: two counts of selling less than .5 grams of methamphetamine (Counts 1 and 5), two counts of delivering less than .5 grams of methamphetamine (Counts 2 and 6), one count of selling .5 grams or more of methamphetamine (Count 3), one count of delivering .5 grams or more of methamphetamine (Count 4), and two counts of possession with intent to sell .5 grams or more of methamphetamine (Counts 7 and 8).

## A. Guilty Plea

The Defendant pleaded guilty to all the indicted charges. The State recited the following facts as the basis for the plea:

On February 11, 2021 Sergeant Mike Pitts with the Lincoln County Sheriff's Department met with a [CI]. The [CI] was fitted with an audio and video recording device, given $100 in confidential funds for the purchase of Methamphetamine from [the Defendant] at the address . . . in Lincoln County.

The [CI] went to that address, met with [the Defendant], and purchased a plastic bag containing methamphetamines. The methamphetamine was sent to the Tennessee Bureau of Investigation. A lab report was issued on July 30, 2021, the forensic chemist Laura Cole will testify the substance did test positive for meth, a Schedule II in the amount of .19 grams.

On March 15, 2021 Sergeant Mike Pitts with the Lincoln County Sheriff's Department met with a confidential informant, that confidential informant was equipped with [an] audio and video recording device, given $100 of confidential funds for the purchase of methamphetamine ice from [the Defendant] located at another address, his residence at the time[.]

The confidential informant contacted [the Defendant], gave him a $100 for methamphetamine. This did occur in Lincoln County. The plastic bag with what was believed to be meth was sent to the Tennessee Bureau of Investigation. The TBI Lab Report was issued on June 25, 2021. Forensic Chemist John Scott would testify that the substance was methamphetamine, a Schedule II, and it weighed .97 grams.

On April 26, 2021 Sergeant Mike Pitts of the Lincoln Sheriff's Department met with the confidential informant, the confidential informant was equipped with an audio recording device, given $100 in confidential funds for the purchase of methamphetamine from [the Defendant] at his address[.]

The confidential informant made contact with [the Defendant], and exchanged $100 for what was believed to be Methamphetamine. That substance was sent to the TBI Lab. A report was issued on March 28, 2022.

2

The forensic scientist Rebecca Stout would testify the substance tested positive for methamphetamine, Schedule II of .22 grams.

On October 21, 2021, Sergeant Mike Pitts with the Lincoln County Sheriff's Department met with the confidential informant. The confidential informant was equipped with an audio/video recording device. They were going to travel to pick up [the Defendant] . . . for the exchange of methamphetamine. The confidential informant picked [the Defendant] up and he drove and met with a female to go to Alabama to purchase marijuana and methamphetamine.

The confidential informant along with [the Defendant] and another female left the area and went in to the Huntsville area. They went in to two separate houses. The vehicle the confidential informant was driving, a traffic stop was conducted and [the Defendant] was found to be in possession of Methamphetamine and marijuana. The methamphetamine was located in a cigarette pack and the marijuana was found to be on his person.

Both the trial court and defense counsel inquired as to whether the Defendant understood that the trial court would be determining his sentences. The trial court informed the Defendant that he was a possible Range II or Range III offender and inquired as to whether he understood sentencing ranges and wished to enter his pleas on that additional condition. On this basis, the trial court accepted the Defendant's guilty pleas.

## B. Sentencing

The trial court held a sentencing hearing during which it admitted the presentence report into the record. The presentence report indicated that the Defendant had previously been convicted of five felonies, including aggravated robbery, multiple drug convictions, and eleven misdemeanors. The following evidence was presented at the hearing: Jonathan Williams, an employee of the probation and parole office with the Tennessee Department of Correction, testified about the Defendant's criminal history as well as his multiple probation and parole violations. He also testified that the Defendant had a history of gang involvement.

On cross-examination, Mr. Williams stated that the Defendant was a self-reported addict who had never received substance abuse treatment.

Sergeant Mike Pitts testified that he was a narcotics investigator for the Lincoln County Sheriff's Department and that the flood of methamphetamine was creating a daily

3

battle for law enforcement against drug activity in Lincoln County. He stated that there had been a recent spike in drug activity, which had resulted in some fatalities.

Angela Smith, the Defendant's mother, testified that her son was a responsible individual until he turned seventeen and began using alcohol and drugs. She stated that the Defendant had mental health issues that she believed indicated bipolar disorder. She testified that he was an addict who needed help. Ms. Smith stated that two rehabilitation facilities had indicated their willingness to admit the Defendant.

The Defendant testified that he began using cocaine at fourteen years old. He testified that he had been diagnosed bipolar schizophrenic and prescribed medication as a result. He was also diagnosed with PTSD after someone attempted to shoot him and after being involved in gang wars in prison. He stated that he had used "ice", "weed", and heroin in prison. He stated that he would be able to comply with the terms of his prison release, if he was prescribed medication for his mental illness. The Defendant testified that he needed a year-long substance abuse and mental health treatment program. He stated that he wanted to be present for his son and would comply with any conditions of his release.

The trial court took the matter of sentencing under advisement and, at a second hearing date, Sergeant Mike Pitts testified that the Defendant had been caught smoking marijuana in the Lincoln County Jail. The video surveillance appeared to show the Defendant as the "ring leader" of a group of inmates using drugs. Defense counsel introduced an acceptance letter from Renewed Life Ministries for the Defendant's placement at their facility.

At the conclusion of the hearing, the trial court made the following statement:

So[,] first thing the Court has to determine is what range the Defendant falls in. And in this case[,] that's been settled by agreement and he is to be sentenced as range one standard offender[.] . . . . So[,] he's got two B felonies and two C felonies. Actually, he has 8 but [the] delivery [conviction] will merge in to the sale [conviction]. We have 8 to 12 [years] on the [Class] B [felonies] and 3 to 6 [years] on the [Class] C [felonies].

. . . .

So[,] in considering particularly enhancement factor one, which is one I think I have given the greatest weight to. And 8, you have been on some form of release, whether it was misdemeanor or felony, and you have not [been] successful in completing that. . . . . [T]his decision is very hard. You damaged yourself very -- almost irreparably by the conduct in the jail, and I

think you know that. I went back there because I wanted to have some personal level of comfort about what I saw on that video. I stopped and started it. I made sure I was comfortable in my mind that I watched you. You went in to the shower first, followed by 5 other individuals, four of them rather rapidly and one guy came a moment or two later. You guys huddled behind that brick wall or cinder block at the shower all together because you could see the tops of some of your head with the camera. I could not see everybody but you all went to the same spot and you all huddled up together.

So[,] there was a time you came down the steps and when you got to the bottom of the steps and took a step or two away from them, you looked directly into the camera.

. . . .

So[,] I feel in this particular case that as far as the B felonies are concerned, that given your history, I am going to give you a ten[-]year sentence on each of the B felonies. On each of the C felonies I am going to give you a five[-]year sentence on those.

So[,] my next question is do I run them consecutive or concurrent. The State has asked for consecutive sentencing. They don't always get what they want. The Defendant has asked to be sent to rehab, they don't always get what they want. So[,] in looking at the consecutive sentencing situation, you have got several things there under 40-35-115 for consideration. I don't think any of them apply to you necessarily except for the record of extensive criminal activity. . . . . We have two prior B felonies, two C felonies, four A misdemeanors, a B misdemeanor, and four C misdemeanors.

So[,] I think consecutive sentencing is warranted in this case[.] You are looking at a period of 15 years.

The trial court merged the Defendant's convictions for sale, delivery, and possession of methamphetamine, two convictions each, for a total of four convictions. For Counts 1 and 5, sale of less than .5 grams of methamphetamine, the trial court imposed sentences of five years. For Count 3 and 7, sale and possession with intent to sell more than .5 grams of methamphetamine, the trial court imposed ten-year sentences. The trial court imposed partially consecutive sentencing, and it ran the ten-year sentences concurrently with each other and the five-year sentences concurrently with each other but the ten-year and five-year sentences consecutively to one another, for a total effective sentence of fifteen years of incarceration. It is from these judgments that the Defendant appeals.

## II. Analysis

On appeal, the Defendant asserts that the trial court erred when it sentenced him. He contends that his sentence is excessive and contrary to law, and that the trial court should have ordered concurrent probationary sentences for all his convictions with an in-patient treatment requirement. He further argues that the trial court applied improper weight to the enhancement factor of his criminal history, given his addiction. He also contends that the purposes of justice are not met by imposing consecutive sentencing which will incarcerate him for longer than necessary. The State responds that the trial court acted within its discretion when it enhanced the Defendant's sentence and when it imposed consecutive sentencing. We agree with the State.

### 1. Alternative Sentencing

A defendant shall be eligible for probation, subject to certain exceptions, if the sentence imposed on the defendant is ten years or less. T.C.A. § 40-35-303(a) (2018). A defendant is not, however, automatically entitled to probation as a matter of law. The burden is upon the defendant to show that he or she is a suitable candidate for probation. T.C.A. § 40-35-303(b) (2018); *State v. Goode*, 956 S.W.2d 521, 527 (Tenn. Crim. App. 1997); *State v. Boggs*, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). In order to meet this burden, the defendant "must demonstrate that probation will 'subserve the ends of justice and the best interest of both the public and the defendant.'" *State v. Bingham*, 910 S.W.2d 448, 456 (Tenn. Crim. App.1995) (quoting *State v. Dykes*, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

With regard to alternative sentencing, Tennessee Code Annotated section 40-35-102(5) provides as follows:

> In recognition that state prison capacities and the funds to build and maintain them are limited, convicted felons committing the most severe offenses, possessing criminal histories evincing a clear disregard for the laws and morals of society, and evincing failure of past efforts at rehabilitation shall be given first priority regarding sentencing involving incarceration.

There is no bright line rule for determining when a defendant should be granted probation. *Bingham*, 910 S.W.2d at 456. Every sentencing decision necessarily requires a case-by-case analysis considering "the nature of the offense and the totality of the circumstances . . . including a defendant's background." *State v. Ashby*, 823 S.W.2d 166, 168 (Tenn. 1991) (quoting *State v. Moss*, 727 S.W.2d 229, 235 (Tenn. 1986)). In

6

determining if incarceration is appropriate in a given case, a trial court should consider whether:

> (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;

> (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or

> (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

T.C.A. § 40-35-103(1) (2018). "When considering probation, the trial court should consider the nature and circumstances of the offense, the defendant's criminal record, the defendant's background and social history, the defendant's present condition, including physical and mental condition, the deterrent effect on the defendant, and the best interests of the defendant and the public." *State v. Cathey*, No. E2015-01284-CCA-R3-CD, 2016 WL 2641766, at *3 (Tenn. Crim. App., May 6, 2016) (citations omitted). The court should also consider the defendant's truthfulness. *State v. Bunch*, 646 S.W.2d 158, 160 (Tenn. 1983). The trial court must also consider the potential or lack of potential for rehabilitation or treatment of the defendant in determining the sentence alternative or length of a term to be imposed. T.C.A. § 40-35-103.

In this case, the trial court denied the Defendant's request for an alternative sentence based on multiple factors, including the Defendant's extensive and lengthy criminal history of felonies, as well as his multiple unsuccessful attempts at community release during which he reoffended, both of which the trial court stated weighed heavily against granting an alternative sentence. The trial court considered several factors, including the Defendant's social support system, which it deemed weighed in favor of the Defendant's request. The record establishes that the Defendant had a long history of criminal activity and, based on his record, was eligible for a much harsher punishment than he received. The trial court noted that it gave heavy consideration to the Defendant's request for treatment as opposed to incarceration, but the trial court also noted that the Defendant's drug use in jail while his sentencing decision was pending belied the Defendant's stated commitment to change his drug use. Based on the evidence, we conclude that the Defendant has not established that the trial court abused its discretion by denying him an alternative sentence. The Defendant is not entitled to relief as to this issue.

**2. Enhancement of the Sentences**

The Defendant contends that the trial court improperly used his history of criminal convictions to enhance his sentence because his criminal record was all tied to his drug addiction, for which he needed treatment. "Sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" *State v. Bise*, 380 S.W.3d 682 (Tenn. 2012). A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). To find an abuse of discretion, the record must be void of any substantial evidence that would support the trial court's decision. *Id.* at 554-55; *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The reviewing court should uphold the sentence "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise*, 380 S.W.3d at 709-10. So long as the trial court sentences within the appropriate range and properly applies the purposes and principles of the Sentencing Act, its decision will be granted a presumption of reasonableness. *Id.* at 707.

The misapplication of an enhancement or mitigating factor does not remove the presumption of reasonableness from a trial court's sentencing decision. *Id.* A reviewing court should not invalidate a sentence on this basis unless the trial court wholly departed from the principles of the Sentencing Act. *Id.* So long as there are other reasons consistent with the purpose and principles of sentencing, a sentence within the appropriate range should be upheld. *Id.*

In determining the proper sentence, the trial court must consider: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the mitigating and enhancement factors set out in Tennessee Code Annotated sections 40-35-113 and -114; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; (7) any statement the defendant made in the defendant's own behalf about sentencing; and (8) the result of the validated risk and needs assessment conducted by the department and contained in the presentence report. *See* T.C.A. § 40-35-210 (2019); *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The trial court must also consider the potential or lack of potential for rehabilitation or treatment of the defendant in determining the sentence alternative or length of a term to be imposed. T.C.A. § 40-35-103 (2019).

8

We conclude that the trial court properly sentenced the Defendant. The trial court carefully considered the relevant principles and sentenced the Defendant to within range sentences for each of his crimes. The trial court applied enhancement factor (1), that the Defendant had an extensive record of criminal activity, based on his numerous prior felony and misdemeanor convictions. T.C.A. § 40-35-114(1) (2019). The trial court applied enhancement factor (8), that the Defendant had failed to comply with prior conditions of release, based on his numerous probation and parole violations. T.C.A. § 40-35-114(8) (2019). All of these factors were supported by the evidence presented at the sentencing hearing and contained in the presentence report. As such, the appropriate application of enhancement factors supports the trial court's sentencing decision. The Defendant is not entitled to relief as to this issue.

### 3. Consecutive Sentencing

The Defendant contends that the trial court erred when it ordered partially consecutive sentencing. Where a defendant is convicted of one or more offenses, the trial court has discretion in determining whether the sentences shall be served concurrently or consecutively. T.C.A. § 40-35-115(a). "[T]he abuse of discretion standard, accompanied by a presumption of reasonableness, applies to consecutive sentencing determinations." *State v. Pollard*, 432 S.W.3d 851, 860 (Tenn. 2013). A trial court may order multiple offenses to be served consecutively if it finds by a preponderance of the evidence that a defendant fits into at least one of the categories in Code section 40-35-115(b). This court must give "deference to the trial court's exercise of its discretionary authority to impose consecutive sentences if it has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b)[.]" *Pollard*, 432 S.W.3d at 861.

When imposing consecutive sentences, the court must still consider the general sentencing principles that each sentence imposed shall be "justly deserved in relation to the seriousness of the offense," "no greater than that deserved for the offense committed," and "the least severe measure necessary to achieve the purposes for which the sentence is imposed." T.C.A. §§ 40-35-102(1), -103(2), -103(4); *State v. Imfield*, 70 S.W.3d 698, 708 (Tenn. 2002). "So long as a trial court properly articulates reasons for ordering consecutive sentences, thereby providing a basis for meaningful appellate review, the sentences will be presumed reasonable and, absent an abuse of discretion, upheld on appeal." *Pollard*, 432 S.W.3d at 862 (citing Tenn. R. Crim. P. 32(c)(1); *Bise*, 380 S.W.3d at 705).

Here, the trial court found that partially consecutive sentencing was proper, pursuant to section 40-35-115(b)(2), because the Defendant had a record of extensive criminal activity, including multiple felonies. We agree. The Defendant is not entitled to relief as to this issue.

### III. Conclusion

In accordance with the aforementioned reasoning and authorities, we affirm the judgments of the trial court.

_____
ROBERT W. WEDEMEYER, JUDGE